*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0121p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

LIBERTARIAN PARTY OF MICHIGAN; GARY
JOHNSON; DENEE ROCKMAN-MOON,
　　　　　　　　　*Plaintiffs-Appellants*,

　　　*v.*

RUTH JOHNSON,
　　　　　　　　　*Defendant-Appellee*,

REPUBLICAN PARTY OF MICHIGAN,
　　　　　　　　　*Intervenor-Appellee*.

No. 12-2153

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:12-cv-12782—Paul D. Borman, District Judge.

Decided and Filed: May 1, 2013

Before: KEITH, MARTIN, and ROGERS, Circuit Judges.

———————————

## COUNSEL

**ON BRIEF:** Gary Sinawski, Brooklyn, New York, Mark R. Brown, Columbus, Ohio, for Appellants. Denise C. Barton, Nicole Grimm, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellee State of Michigan. Eric E. Doster, FOSTER, SWIFT, Lansing, Michigan, Peter H. Ellsworth DICKINSON WRIGHT, Lansing, Michigan, for Appellee Republican Party.

———————————

## OPINION

———————————

ROGERS, Circuit Judge. This case involves the Libertarian Party's challenge to a Michigan election regulation—the "sore loser" statute—which prevents a candidate who has run in and lost a party primary from running as a candidate of another party in the subsequent general election. The Libertarian Party of Michigan asserts that

Michigan wrongly prohibited its presidential candidate, Gary Johnson, from appearing on the November 2012 Michigan ballot for the Libertarian Party because he had previously run in (and lost) the Republican primary during the 2012 election cycle.

The election is of course over, but the appeal is not moot because the issue is capable of repetition, yet evading review. Affirmance is warranted because the district court properly concluded that Michigan's sore loser statute is constitutional.

Gary Johnson, a former two-term Governor of New Mexico, ran for President of the United States in the 2012 election. He initially sought the Republican Party nomination, confirming with Michigan Secretary of State Ruth Johnson on November 8, 2011 that he would be placed on the primary election ballot as a Republican candidate. However, in December 2011, he changed his mind and decided to seek the nomination of the Libertarian Party instead. Although he had been informed of the statutory withdrawal deadline, Gary Johnson submitted his affidavit stating he was no longer a presidential candidate of the Republican Party three minutes too late. Because his withdrawal was untimely, Gary Johnson's name appeared on the Michigan primary ballot as a Republican Party candidate. He did not challenge his untimely withdrawal or appearance as a Republican candidate on the primary ballot, and did not ultimately win the Republican Party nomination. *See* Compl. ¶¶ 7–15.

Johnson was subsequently nominated as the Libertarian Party's presidential candidate at the national Libertarian Party Convention on May 3–6, 2012. On May 3, 2012, the Michigan Secretary of State notified Johnson that under Michigan's sore loser law, he could not appear on the Michigan ballot as the Libertarian Party's candidate since he had run, and lost, as a candidate in the Republican Party primary. Michigan's "sore loser" law states:

> No person whose name was printed or placed on the primary ballots or voting machines as a candidate for nomination on the primary ballots of 1 political party shall be eligible as a candidate of any other political party at the election following that primary.

Mich. Comp. Laws § 168.695. Johnson and the Libertarian Party of Michigan sought declaratory and injunctive relief in federal court from the Secretary's decision not to place Johnson on the general election ballot, asserting that the "sore loser" statute was not applicable to presidential candidates and that the statute violated Johnson's First Amendment associational rights, which are applicable against Michigan through the Fourteenth Amendment.

The district court granted the Secretary of State's motion to dismiss and denied Johnson's motion for summary judgment, holding that the sore loser statute applied to presidential candidates like Johnson and was not a severe burden on Johnson's or the Libertarian Party of Michigan's associational rights, but rather was a "reasonable, nondiscriminatory restriction justified by Michigan's important regulatory interests of preventing extended intra party feuding, factionalism and voter confusion." *Libertarian Party of Mich. v. Johnson*,—F. Supp. 2d —, No. 12-cv-12782, 2012 WL 3930557, at *12 (E.D. Mich. Sept. 10, 2012). Johnson and the Libertarian Party of Michigan then sought an emergency injunction and expedited appeal in this court to compel the Secretary of State to include Johnson on the presidential ballot pending appeal. We denied the injunction on the grounds that Johnson was unlikely to succeed in his claims in light of *Timmons v. Twin Cities Area New Party*, 520 U.S. 351 (1997), and because injunctive relief would "cause substantial harm to the orderly processing of the election." Order, 2, Sept. 12, 2012. Johnson and the Libertarian Party did not appear on the general election ballot, and no listed presidential candidate was affiliated with the Libertarian Party. Mich. Dep't of State, *2012 Official Michigan General Candidate Listing*, (Nov. 5, 2012, 4:07 PM), http://miboecfr.nictusa.com/election/candlist/12GEN/12GEN_CL.HTM. Johnson received 7,774 votes as a write-in candidate. Mich. Dep't of State, *2012 Official Michigan General Election Results - President of the United States*, (Jan. 4, 2013, 3:09 PM), http://miboecfr.nictusa.com/election/results/12GEN/01000000.html.

This appeal is not moot, despite the fact that the 2012 presidential election has concluded, because it appears to fall in the mootness exception for cases that are

"capable of repetition, yet evading review." *See Lavin v. Husted*, 689 F.3d 543, 546 (6th Cir. 2012) (quoting *Fed. Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007)). The plaintiffs' challenge to the sore loser statute satisfies both prongs of the "capable of repetition, yet evading review" exception. First, the challenged action is too short in duration to be fully litigated prior to the conclusion of an election cycle and, second, there is a reasonable expectation that the controversy will recur. *See Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006). In this case, the sore loser statute is still on the books, and future candidates may find themselves in a similar situation.

The first prong of the exception appears to be met. The issue in this case was arguably not squarely presented until the Libertarian Party nominated Johnson at its national convention on May 3–6, 2012, leaving only six months to resolve the case in the courts prior to the November election. This case could not have been fully resolved during that short window. Disputes over election laws "almost always take more time to resolve than the election cycle permits." *Id*. In many cases, we have held that a challenge to an election law is not moot although the date of the election passed or the election was voided. *See Lavin*, 689 F.3d at 546–47; *Carey v. Wolnitzek*, 614 F.3d 189, 197 (6th Cir. 2010); *Libertarian Party of Ohio*, 462 F.3d at 585; *Rosen v. Brown,* 970 F.2d 169, 173 (6th Cir. 1992). We have found that election cases fall into the "capable of repetition, yet evading review" exception even when challengers had a period of eleven months to pursue their claims in federal court. *See Libertarian Party of Ohio,* 462 F.3d at 584.

There is also a reasonable expectation that this controversy will recur, at least with respect to some other candidate and political party. We have previously allowed election law challenges to move forward even if the challenging parties do not have cognizable legal interests, because "the controversy almost invariably will recur with respect to some future potential candidate" and the standard for the second prong of the mootness exception is "somewhat relaxed in election cases." *Lawrence v. Blackwell*,

430 F.3d 368, 372 (6th Cir. 2005); *see also Libertarian Party of Ohio*, 462 F.3d at 584–85.

The district court thoroughly and correctly evaluated the arguments of the parties on the merits.  After reviewing the record, the parties' briefs, and the applicable law, we determine that no jurisprudential purpose would be served by a panel opinion on the merits.  Therefore, we affirm the district court's judgment for the reasons stated in its September 10, 2012 opinion and order.  *See Libertarian Party of Mich.*, 2012 WL 3930557, at *12.